**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:   Ramos-Rodriguez, Johanna _____                    CASE NO.   _____

**Form No. 13-1**
Effective October 1, 2023

# Uniform Plan and
# Motion for Valuation of Collateral

Date of Plan:   __**10/01/2024**__
[Date Must be Date that This Plan is Signed by Debtor(s)]

**1.     Statement of Inclusion of Specific Provisions.** The Debtor(s) propose this Plan pursuant to 11 U.S.C. § 1321. The Debtor(s) disclose whether this Plan includes certain provisions by checking the appropriate box:

| Description of Provision | Included | Not Included |
|---|---|---|
| A.   A "non-standard" provision contained in Paragraph 27. | ☐ | ☑ |
| B.   A provision limiting the amount of a secured claim based on a valuation of the collateral for the claim in Paragraph 8(B), 9(B), 12 or 13. | ☐ | ☑ |
| C.   A provision avoiding a security interest or a lien in Paragraph 8(E). | ☐ | ☑ |
| D.   A provision avoiding a security interest or lien in exempt property in Paragraph 13. | ☐ | ☑ |

**2.     Payment Summary and Applicability of Administrative Procedures for Claims Secured by Real Estate.**

A.     Attached as Exhibit A is a summary of the payments to the Chapter 13 Trustee ("Trustee") and the estimated disbursements to be made by the Trustee under this Plan.

B.     The Administrative Procedures for Claims Secured by Real Estate apply to all claims treated under this Plan that are secured by real property owned in whole or in part by the Debtor(s) or the Debtor(s) estate.[1]

**3.     Motion for Valuation of Secured Claims.** If indicated in Paragraph 1(B) of this Plan, the Debtor(s) move to establish the value of the collateral securing claims in the amount set forth in Paragraphs 8(B), 9(B), 12 and 13. **The Debtor(s) propose to pay the holder of the Secured Claim only the amounts set forth in this Plan. The Court will conduct an evidentiary hearing on this contested matter on the date set for the hearing on confirmation of this Plan. You must file a response in writing not less than 7 days (including weekends and holidays) before the hearing on confirmation of the Plan or the valuation set forth in the Plan may be adopted by the Court. If no timely response is filed, the Debtor(s)' sworn declaration at the end of this Plan will be considered as summary evidence at the confirmation hearing.**

---

[1] *See* https://www.txs.uscourts.gov/sites/txs/files/Administrative_Procedures_for_Claims_Secured_by_Real_Estate.pdf.

Last Revised August 8, 2023

Case No:
Debtor(s):   Ramos-Rodriguez, Johanna

**Form No. 13-1**
Effective October 1, 2023

**4.     Payments.** The Debtor(s) must submit all or such portion of their future earnings and other income to the supervision and control of the Trustee as is necessary for the execution of the Plan. The applicable commitment period under the Debtor(s)' means test is __60__ months (use "unavailable" if a means test has not been filed). The amount, frequency, and duration of future payments to the Trustee are:

| Beginning Month[2] | Ending Month | Total Amount of Monthly Payment[3] | Monthly Savings Fund Deposit | Total Forecast Savings Fund Deposits | Monthly Available for Creditors and Reserve Funds[4] | Total Available for Creditors and Reserve Funds |
|---|---|---|---|---|---|---|
| 1 (Nov/2024) | 60 (Oct/2029) | $610.00 | $0.00 | $0.00 | $610.00 | $36,600.00 |
| | | Grand Total: | | $0.00 | | $36,600.00 |

A.     If the payments to be made by the Trustee pursuant to this Plan are adjusted in accordance with the Administrative Procedures for Claims Secured by Real Estate (whether on account of a change in any escrow requirement, a change in the applicable interest rate under an adjustable rate mortgage, or otherwise) or in accordance with the procedures set forth in Paragraphs 4(B), 18(E), 20(D) or 21(B), the payments to the Trustee under this Plan will be adjusted as follows:

(i)     The Debtor(s)' payments required by Paragraph 4 of this Plan will be automatically increased or decreased by (a) the amount of the increase or decrease in Paragraph 4(B), 8(A)(ii), 8(B)(ii), 18(E), 20(D) or 21(B) payments; and (b) the amount of the increase or decrease in the Posted Chapter 13 Trustee Fee that is caused by the change.

(ii)     The Posted Chapter 13 Trustee Fee is the percentage fee established by the Court and posted on the Court's web site from time to time. [5]

(iii)     If a change pursuant to Paragraph 4(B), 8(A)(ii), 8(B)(ii), 18(E), 20(D) or 21(B) is made and the monthly payment adjustment multiplied by the number of remaining months in the Plan is less than $100, the payment adjustments required by Paragraph 4(A) will not be made.

B.     Subject to a Court order to the contrary, if the Monthly Mortgage Payment[6] set forth in a timely filed proof of claim differs from the Monthly Mortgage Payment scheduled in this Plan, the Trustee must adjust the Plan payment in order to reflect the Monthly Mortgage Payment amount set forth in in the proof of claim.

C.     If a secured or priority proof of claim is not timely filed, the amounts scheduled in this Plan will govern. If a secured or priority proof of claim is timely filed after confirmation of this Plan, the amounts shown on the timely filed proof of claim will govern. The Administrative Procedures for Claims Secured by Real Estate govern Monthly Mortgage Payment amounts.

---

[2] This is the month in which the first payment is due for this amount. The Debtor(s) must commence payments not later than 30 days after the petition date.

[3] The total amount of monthly payment includes savings and reserves.

[4] Reserve funds are funds established under Paragraph 21 of this Plan.

[5] The Posted Chapter 13 Trustee Fee does not alter the amount of the actual trustee fee established under 28 U.S.C. § 586(e)(1).

[6] Including principal, interest and escrow

Last Revised August 8, 2023

Case No:
Debtor(s):   Ramos-Rodriguez, Johanna

# Form No. 13-1
### Effective October 1, 2023

D.     In the event of a change in the monthly payment to the Trustee under this Plan, the Trustee is directed to submit Notices of Wage Order Adjustments or Notices of ACH or Electronic Payment Adjustments to satisfy the automatic increase or decrease. The Debtor(s) must implement any appropriate amendments to any other form of payment.

E.     Nothing in this Paragraph 4 precludes the Trustee from seeking to dismiss a case based on a timely filed proof of claim that renders this Plan deficient.

**5.**    **Priority Claims for Domestic Support Obligations.** From the payments made by the Debtor(s) to the Trustee, the Trustee shall pay in full all claims entitled to priority under 11 U.S.C. § 507(a)(1). If a timely proof of claim is filed, the actual amount of the Domestic Support Obligation will be determined through the claims allowance process. Otherwise, the amount scheduled in this Plan will control:

| Name of Holder of Domestic Support Obligation | Amount of Domestic Support Obligation | Plan Interest Rate | Amount of Estimated Periodic Payment | First Payment of this Amount in Mo. # | Last Payment of this Amount in Mo. # | Total |
|---|---|---|---|---|---|---|
| | | | | | | |

**6.**    **Priority Claims (Other than Domestic Support Obligations.)**

**A.**    From the payments made by the Debtor(s) to the Trustee, the Trustee shall pay in full all claims entitled to priority under 11 U.S.C. §§ 507(a)(2) through 507(a)(10). If a timely proof of claim is filed, the actual amount of the Priority Claim will be determined through the claims allowance process. Otherwise, the amount scheduled in this Plan will control:

| Name of Holder of Priority Claim | Amount of Priority Claim | Plan Interest Rate | Amount of Estimated Periodic Payment | First Payment of this Amount in Mo. # | Last Payment of this Amount in Mo. # | Total |
|---|---|---|---|---|---|---|
| **Internal Revenue Service** | $2,900.00 | 0.00% | Pro-Rata | 11 | 41 | $2,900.00 |
| **Gordon Lusky LLP** | $4,500.00 | | Pro-Rata | 1 | 11 | $4,500.00 |
| **Gordon Lusky LLP - Post Petition Fee** | $1,500.00 | | Pro-Rata | 1 | 11 | $1,500.00 |

B.    Priority Claims arising under 11 U.S.C. § 503(b)(2) shall be paid only after entry of a Court order approving payment of the claim. If this case is dismissed, no Priority Claim arising under 11 U.S.C. § 503(b)(2) (unless governed by an approved Fixed Fee Agreement) shall be allowed unless an application for allowance is filed on or before 21 days after entry of the order of dismissal, and such application is subsequently granted by the Court.

**7.**    **Secured Claims for which Collateral is Surrendered.** The Debtor(s) surrender the following collateral under this Plan:

| Name of Creditor | Description of Collateral |
|---|---|
| | |

Last Revised August 8, 2023

Case No:
Debtor(s):   Ramos-Rodriguez, Johanna

## Form No. 13-1
### Effective October 1, 2023

A.      Upon confirmation of this Plan, the Debtor(s) surrender(s) the collateral and the automatic stay under 11 U.S.C. § 362(a) is terminated as to actions against any (i) collateral that is described in the preceding table; and (ii) escrow deposit held by the holder of a security interest to secure payment of taxes and insurance on the surrendered collateral. The automatic stay is not terminated under this Paragraph 7 as to any other action. The co-debtor stay under 11 U.S.C. § 1301(a) is terminated with respect to the collateral identified in the preceding table.

B.      Other than terminating the co-debtor stay, this Plan does not affect any co-debtor's rights in the collateral or the obligation of any secured creditor to act with respect to such a co-debtor in compliance with applicable non-bankruptcy law.

C.      The Debtor(s) and the creditor asserting a security interest against the collateral must comply with Bankruptcy Local Rule 6007-1 with respect to the surrender of the collateral.

D.      The rights of a secured creditor to a deficiency claim will be determined (i) in accordance with the creditor's allowed unsecured claim in any timely filed proof of claim; or (ii) by separate Court order.

**8.      Claims Secured by Real Property that will be Retained[7] and Paid in accordance with either subparagraph A, B, C, D or E below (Check One or More):**

☑      **A.      Claims in Default (or otherwise voluntarily paid through the Trustee) on Principal Residence, Secured by Security Agreement.** This table sets forth the treatment of holders of claims secured solely by a security interest in real property located at **17402 Spicewood Springs Ln Spring, TX 77379** that is the Debtor(s)' principal residence on which the last payment is due after the date on which the final payment under this Plan is due.

| Street Address: 17402 Spicewood Springs Ln | | | City: Spring | | | State: Texas | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Name of Holder of Secured Claim / Collateral for Claim | Amount of Claim | Interest Rate | Monthly Payment Amount | | | Starting Month # | Ending Month # | Total |
| | | | P&I[8] | Escrow | Total | | | |
| **Spring Creek Forest Civic Assn** <br><br> **Collateral for Claim** <br> LT 27 BLK 23 017*S6353500-003-023-027 SPRING CREEK FOREST SEC 3 <br> 17402 Spicewood Springs Ln Spring, TX 77379 | | | | | | | | |
| Cure Claim at Petition Date[9]-3 | $12,344.53 | 5.50% | Pro-Rata | | Pro-Rata | 11 | 41 | $13,907.29 |
| Post-petition Claim | | | | | | | | |
| Rule 3002.1(c) Claim | | | | | | | | |
| Monthly Mortgage Payment | | | | | | | | |

---

[7] See paragraph 7 for real property that will be surrendered and paragraph 12 for real property that will be transferred in satisfaction of claims.

[8] Throughout this Plan, any required private mortgage insurance premiums are treated as a component of principal and interest.

[9] Throughout this Plan, a "Cure Claim" is the amount required to cure any pre-petition default. A Post-petition Claim is any amount required to pay amounts that were required to have been paid after the petition date, but that were not paid. As to each claim secured by a security interest, the Debtor(s) must propose payment of any Cure Claims, Postpetition Claims, Rule 3002.1(c) Claims and post-petition Monthly Mortgage Payments.

Last Revised August 8, 2023

Case No:
Debtor(s):   Ramos-Rodriguez, Johanna

**Form No. 13-1**
Effective October 1, 2023

(i)      Payment of these amounts will constitute a cure of all pre-confirmation defaults of the Debtor(s)' obligations to the holder of the secured claim.

(ii)     A claim secured by real property that is the Debtor(s)' principal residence (other than the Cure Claims, the Rule 3002.1 Claim, and the Post-petition Claim set forth in the above table) will be paid in accordance with the pre-petition contract. The claim includes all amounts that arise post-petition and that are authorized pursuant to FED. R. BANKR. P. 3002.1. During the term of this Plan, these payments will be made through the Trustee in accordance with the Administrative Procedures for Claims Secured by Real Estate. Each holder of a claim that is paid pursuant to this Paragraph must elect to either (a) apply the payments it receives to the next payment due without penalty under the terms of the holder's pre-petition contract; or (b) waive all late charges that accrue after the order for relief in this case. Any holder that fails to file an affirmative election on or before 30 days of entry of the order confirming this Plan waives all late charges that accrue after the order for relief in this case. Notwithstanding the foregoing, the holder may impose a late charge that accrues following an event of default of a payment due under Paragraph 4 of this Plan.

☐      **B.      All Other Claims in Default (or otherwise voluntarily paid through the Trustee) Secured by Real Property.** This table sets forth the treatment of holders of claims secured by real property that is not governed by subparagraph 8(A), 8(C), 8(D) or 8(E). List the street address, city and state for each real property:

| Street Address: | | | | City: | | | | State: | |
|---|---|---|---|---|---|---|---|---|---|
| Name of Holder of Secured Claim / Collateral for Claim | Amount of Claim | Plan Interest Rate | Collateral Value | Monthly Payment Amount | | | Starting Month # | Ending Month # | Total |
| | | | | P&I | Escrow[10] | Total | | | |
| | | | | | | | | | |
| Cure Claim | | | | | | | | | |
| Post-petition Claim | | | | | | | | | |
| Rule 3002.1 Claim | | | | | | | | | |
| Monthly Payment | | | | | | | | | |
| Total Debt Claim[11] | | | | | | | | | |

(i)      The amount of secured claim to be paid under this Plan is the lesser of the amount listed above as the "Collateral Value" and the allowed amount of the claim. If a timely proof of claim is filed, the amount of the claim will be determined through the claims allowance process. Otherwise, the amount scheduled in this Plan will control. If the Court orders a different amount than is shown above as "Collateral Value," this Plan shall be deemed amended to reflect that Collateral Value without the requirement of the filing of an amended Plan.

(ii)     Payment of these amounts will constitute a cure of all defaults (existing as of the petition date) of the Debtor(s)' obligations to the holder of the secured claim.

[10] Only applicable if an escrow for ad valorem taxes or property insurance has been required or agreed by the holder of the security interest.

[11] A "Total Debt Claim" is a claim that will be paid in full during the Plan term. If a Total Debt Claim is elected, no amounts should be shown for the Cure Claim or the Monthly Mortgage Payment.

Last Revised August 8, 2023

Case No:
Debtor(s):   Ramos-Rodriguez, Johanna

**Form No. 13-1**
Effective October 1, 2023

(iii) The claim includes all amounts that arise post-petition and that are authorized pursuant to the Administrative Procedures for Claims Secured by Real Estate. During the term of this Plan, these payments will be made through the Trustee in accordance with the Administrative Procedures for Claims Secured by Real Estate. Each holder of a claim that is paid pursuant to this Paragraph must elect to either (a) apply the payments it receives to the next payment due without penalty under the terms of the holder's pre-petition contract; or (b) waive all late charges that accrue after the order for relief in this case. Any holder that fails to file an affirmative election on or before 30 days of entry of the order confirming this Plan waives all late charges that accrue after the order for relief in this case. Notwithstanding the foregoing, the holder may impose a late charge that accrues following an event of default of a payment due under Paragraph 4 of this Plan.

(iv) Notwithstanding any provision in this Plan to the contrary, a Rule 3002.1(c) Notice filed with respect to a claim treated in this Paragraph 8(B) will be timely if it is filed before the later of (a) 60 days of entry of the order confirming this Plan; and (b) 180 days after the date on which the fees, expenses, or charges are incurred.

☑ **C.     Claims with No Default to be Paid Directly by Debtor.** The claims held by the following secured creditors will be paid by the Debtor(s) (and not paid through the Trustee) in accordance with (i) state law requirements regarding claims secured by statutory liens; or (ii) prepetition contracts between the Debtor(s) and the holder of the secured claim. List the street address, city and state for each property:

| Street Address: 17402 Spicewood Springs Ln | | City: Spring | | State: Texas | |
|---|---|---|---|---|---|
| **Name of Holder Collateral for Claim** | **Total Claim on Petition Date** | **Collateral Value on Petition Date** | **Contract Interest Rate** | **Monthly Payment** | **Date Last Payment is Due** |
| **Klein ISD**<br><br>**Collateral for Claim**<br>LT 27 BLK 23 017*S6353500-003-023-027 SPRING CREEK FOREST SEC 3 17402 Spicewood Springs Ln Spring, TX 77379<br><br>**Remarks**<br>Included in Escrow | $3,520.68 | $316,340.00 | 12.00% | | |
| **PHH Mortgage Corporation**<br><br>**Collateral for Claim**<br>LT 27 BLK 23 017*S6353500-003-023-027 SPRING CREEK FOREST SEC 3 17402 Spicewood Springs Ln Spring, TX 77379 | $159,872.89 | $316,340.00 | 2.00% | $1,445.19 | 05/01/2036 |

☐ **D.     Claims to be Paid Pursuant to Consensual Refinancing.** The holder of a claim secured by Debtor(s)' real property has agreed to refinance the secured claim on the terms set forth on the document attached as Exhibit 8D. The refinancing brings the loan current in all respects. The terms of the loan that is being refinanced and the new loan are described below. List the street address, city and state for each property:

Last Revised August 8, 2023

Case No:
Debtor(s):   Ramos-Rodriguez, Johanna

**Form No. 13-1**
Effective October 1, 2023

| Street Address: | | City: | | State: | |
|---|---|---|---|---|---|
| | | Old Loan | | New Loan | |
| Current amount owed on old loan and total amount borrowed on new loan | | | | | |
| Interest rate is fixed or variable? | | | | | |
| Interest rate (in %) | | | | | |
| Closing costs paid by Debtor(s) | | | | | |
| Monthly principal and interest payment | | | | | |
| Monthly required escrow deposit | | | | | |
| Total monthly payment of principal, interest and escrow | | | | | |

(i)    Upon confirmation of this Plan, the Debtor(s) are authorized to execute conforming documents with the holder of the secured claim.

(ii)   Payments made to the above referenced holder will be paid (check one, **only** if Debtor(s) have checked option D, above):

☐    **Through the Trustee.**

☐    **Directly to the holder of the claim by the Debtor(s).** The holder of the claim may not impose any attorney's fees, inspection costs, appraisal costs or any other charges (other than principal, interest and ad valorem tax and property insurance escrows) if such charges arose (in whole or in part) during the period (i) when the case is open; (ii) after the closing of the refinanced loan; and (iii) prior to approval of a future modified plan. If the Debtor(s) default in direct payments following the refinancing, a proposed modification of this Plan must be filed.

☐    **E.    Claims for Which Liens are to be Stripped.** The following table sets forth the treatment of certain classes of claims secured by the Debtor(s)' real property. List the street address, city and state for each property:

| Street Address: | City: | State: |
|---|---|---|
| Name of Lienholder | | |
| Address | | |
| Debtor(s)' Stated Value of Property | | |
| Description of all Liens Senior in Priority (List Holder and Priority) | Estimated Amount Owed on This Lien | |
| | | |
| | | |
| | | |
| Total Owed—All Senior Liens | | |

Last Revised August 8, 2023

Case No:
Debtor(s):   Ramos-Rodriguez, Johanna

**Form No. 13-1**
Effective October 1, 2023

(i)     The Debtor(s) allege that the total amount of debt secured by liens that are senior in priority to the lien held by _____ exceeds the total value of the real property. Accordingly, the claim will receive (a) no distributions as a secured claim; and (b) distributions as an unsecured claim only in accordance with applicable law.

(ii)    Upon the Debtor(s)' completion of all payments set forth in this Plan, the lienholder is required to execute and record a full and unequivocal release of its liens, encumbrances and security interests secured by the real property and to provide a copy of the release to the Debtor(s) and their counsel. Notwithstanding the foregoing, the holder of a lien that secures post-petition homeowners' association fees and assessments will be allowed to retain its lien, but only to secure (a) post-petition assessments; and (b) other post-petition amounts, such as legal fees, if such other post-petition amounts are (i) incurred with respect to post-petition fees and assessments; and (ii) approved by the Court if incurred during the pendency of the bankruptcy case.

(iii)   Paragraph 8(E) will only be effective if the Debtor(s) perform each of the following:

a.     Mail a "Lien Stripping Notice," in the form set forth on the Court's website, to the lienholder that is governed by this Paragraph 8(E). The Lien Stripping Notice must be mailed in a separate envelope from any other document. Service must be in a manner authorized by FED. R. BANKR. P. 7004.

b.     File a certificate of service at least 7 days prior to the confirmation hearing reflecting that the Lien Stripping Notice was mailed by both certified mail, return receipt requested, and by regular United States first class mail to the lienholder on **all** of the following, with the mailings occurring not later than 31 days prior to the confirmation hearing:

i.     The holder at the address for notices shown on any proof of claim filed by the holder and in accordance with FED. R. BANKR. P. 7004.

ii.    Any attorney representing the holder who has filed a request for notice in this bankruptcy case.

(iv)    Third party costs incurred on behalf of the Debtor(s) such as the costs of performing a title or lien search or serving the motion and notices will be borne by the Debtor(s). If such third-party costs are advanced by Debtor(s)' counsel, the Debtor(s) must promptly reimburse such costs, without the need for any further application or order.

**F.     Provisions applicable to claims treated in Paragraphs 8(A) or 8(B).** These provisions apply to any claim that is treated in either Paragraph 8(A) or 8(B) of this plan:

(i)     Except as otherwise ordered by the Court, any amounts due under a FED.R. BANKR. P. 3002.1(c) Notice must be paid after payment of all other secured and priority claims, but before payment of general unsecured claims. If payment of the amounts due under a FED. R. BANKR. P. 3002.1(c) Notice would render this Plan deficient because of a shortfall of available funds, the Trustee must file a Notice of Plan Payment Adjustment to provide sufficient funds to pay all secured and priority claims in full.

(ii)    Each secured claim is placed in a separate class.

(iii)   The Debtor(s) must timely provide the information required by the Trustee pursuant to the Administrative Procedures for Claims Secured by Real Estate.

(iv)    The procedures set forth in FED. R. BANKR. P. 3002.1 and in the Administrative Procedures for Claims Secured by Real Estate apply to all claims treated under Paragraphs 8(A) or 8(B), including without limitation claims that are secured by a Tax Lien.

Last Revised August 8, 2023

Case No:
Debtor(s):   Ramos-Rodriguez, Johanna

**Form No. 13-1**
Effective October 1, 2023

(v)     No post-petition attorney's fees, expenses or other reimbursements incurred before the completion of all payments under this Plan may be enforced unless the attorney's fees, expenses or other reimbursements are authorized by a Court order, Rule 3002.1, or the Administrative Procedures for Claims Secured by Real Estate.

(vi)    After the completion of all payments under this Plan, the holder of a Claim will retain its lien, but only if the Claim was treated by a "Cure" under this Plan. In that event, any lien will secure only (a) contractual payments first payable after the completion of all payments under this Plan; and (b) charges, fees and advances first accruing after the completion of all payments under this Plan. Attorney's fees, inspection fees and other charges accrue on the date that the services were rendered.

**9.     Claims Secured by Personal Property that will be Retained[12] and Paid in Accordance with Either Subparagraph A, B, or C below:**

☐    **A.     Debt Incurred (a) within 910 Days Preceding Petition Date and Secured by a Lien on a Motor Vehicle or (b) within 1 Year Preceding Petition Date and Secured by Other Collateral for Which _Full Payment_, with Interest, is Required by 11 U.S.C. § 1325(a)(9) (hanging Paragraph).** The following table sets forth each class of creditors holding a claim for a debt incurred within 910 days preceding the petition date and secured by a security interest on a motor vehicle or for a debt incurred within 1 year preceding the petition date and secured by a security interest on other collateral for which full payment is required by 11 U.S.C. § 1325(a)(9) (hanging Paragraph).

| Name of Holder of Secured Claim Collateral for Claim | Total Claim on Petition Date | Plan Interest Rate | Monthly Payment | Starting Month # | Ending Month # | Total |
|---|---|---|---|---|---|---|
| | | | | | | |
| Cure Claim | | | | | | |
| Monthly Payment | | | | | | |
| Total Debt Claim | | | | | | |

(i)     Payment of the amounts required in this paragraph constitutes a cure of all defaults (existing as of the date this Plan is confirmed) of the Debtor(s)' obligations to the holder of the claim. If the monthly payment in this Plan is less than the amount of the adequate protection payment ordered in this case, the actual payment will be the amount of the monthly adequate protection payment.

(ii)    Each claim secured by a security interest is designated to be in a separate class.

☐    **B.     Claims in Default (or otherwise voluntarily paid through the Trustee) Secured by Personal Property.** Payments on these claims will be made through the Trustee on the terms in this table:

[12] See Paragraph 7 for personal property that will be surrendered.

Last Revised August 8, 2023

Case No:
Debtor(s):   Ramos-Rodriguez, Johanna

**Form No. 13-1**
Effective October 1, 2023

| Name of Holder of Secured Claim Collateral for Claim | Amount of Claim | Plan Interest Rate | Collateral Value | Monthly Payment | Starting Month # | Ending Month # | Total |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| Cure Claim | | | | | | | |
| Monthly Payment | | | | | | | |
| Total Debt Claim | | | | | | | |

(i)  The amount of secured claim to be paid under this Plan is the lesser of the amount listed above as the "Collateral Value" and the allowed amount of the claim. If a timely proof of claim is filed, the amount of the claim will be determined through the claims allowance process. Otherwise, the amount scheduled in this Plan will control. If the Court orders a different amount than is shown above as "Collateral Value," this Plan shall be deemed amended to reflect that Collateral Value without the requirement of the filing of an amended Plan.

(ii)  Payment of the amounts required in this paragraph constitutes a cure of all preconfirmation defaults of the Debtor(s)' obligations to the holder of the secured claim. If the monthly payment in this Plan is less than the amount of the adequate protection payment ordered in this case, the actual payment will be the amount of the monthly adequate protection payment.

(iii)  Each secured claim is in a separate class.

☐  **C.    Claims with No Default to be Paid Directly by Debtor.** The claims held by the following secured creditors will be paid by the Debtor(s) (and not paid through the Trustee) in accordance with the pre-petition contracts between the Debtor(s) and the holder of the claim secured by a security interest:

| Name of Holder Collateral for Claim | Claim | Collateral Value on Petition Date | Contract Interest Rate | Monthly Payment | Date Last Payment is Due |
|---|---|---|---|---|---|
| | | | | | |

**10.    Modification of Stay and Lien Retention.** The automatic stay is modified to allow holders of secured claims to send the Debtor(s): (i) monthly statements; (ii) escrow statements; (iii) payment change notices and fees, expenses and charges notices pursuant to FED. R. BANKR. P. 3002.1(b) and (c); and (iv) such other routine and customary notices as are sent to borrowers who are not in default. The preceding sentence does not authorize the sending of any (i) demand letters; (ii) demands for payment; (iii) notices of actual or pending default; or (iv) other notices routinely sent to borrowers as a consequence of a default. Each holder of an allowed secured claim provided for by this Plan shall retain its lien until the earlier of (i) the payment of the underlying debt as determined under non-bankruptcy law; or (ii) the completion of all payments provided by this Plan. The holder of a claim secured by a valid lien may enforce its lien only if the stay is modified under 11 U.S.C. § 362 to allow such enforcement.

**11.    Maintenance of Taxes and Insurance.** The Debtor(s) must pay all ad valorem property taxes on property that is retained under this Plan, with payment made in accordance with applicable non-bankruptcy law not later than the last date on which such taxes may be paid without penalty. The Debtor(s) must maintain insurance on all property that serves to secure a claim and that is retained under this Plan, in amounts not less than as required by any underlying loan documents. This Paragraph 11 does not apply to the extent that taxes and insurance are escrowed. Any holder of a secured claim may request proof of compliance in writing, and the Debtor(s) must promptly provide proof of compliance with this Paragraph. If the Debtor(s) fail to provide such proof within 14 days of receipt of a written request, the holder of the debt secured by a lien on the property may purchase such insurance or pay such taxes in accordance with its rights under applicable nonbankruptcy law.

Last Revised August 8, 2023

Case No:
Debtor(s):   Ramos-Rodriguez, Johanna

**Form No. 13-1**
Effective October 1, 2023

**12.     Secured Claims Satisfied by Transfer of Real Property in Satisfaction of Secured Claim.**

A.     The secured claims set forth in this table will be satisfied by the transfer of title to the real property from the Debtor(s) to the transferee identified below. List the street address, city and state for each property:

| Street Address: | City: | State: |
|---|---|---|
| **Priority** | **Name and Address of Holder of Security Interest** | **Estimated Claim of Lien Holder** |
| First Lien | | |
| Second Lien | | |
| Third Lien | | |
| Fourth Lien | | |

B.     The Transferee is _____ .

C.     The value to be credited to the Transferee's claim secured by the lien is:

| | |
|---|---|
| Value of property | |
| Total amounts owed to all holders of senior liens | |
| Net Value to be credited by Transferee | |

D.     This Paragraph applies only if 100% of the property to be transferred is included in the estate under 11 U.S.C. § 541(a), including without limitation community property included in the estate by 11 U.S.C. § 541(a)(2).

E.     On or after the 30th day following entry of an order confirming this Plan:

(i)     The Debtor(s) shall file as soon as practicable, a Notice of Transfer Pursuant to Bankruptcy Plan in the real property records of the county in which the property is located. A Notice of Transfer Pursuant to Bankruptcy Plan that attaches a certified copy of this Plan and a certified copy of the Order confirming this Plan shall, when filed with a legal description of the property in the real property records of the county in which the property is located, constitute a transfer of ownership of the property to the holder of the Secured Claim. The transfer will be effective upon the later to occur of (i) the filing of the Notice of Transfer Pursuant to Bankruptcy Plan that attaches a certified copy of this Plan and a certified copy of the Order confirming the Plan in the real property records of the applicable county; or (ii) if the Order is stayed pending appeal, the termination of the stay.

(ii)     The transferee of the transferred property must credit its claim with the Net Value to be credited by Transferee as shown in the table in Paragraph C above (unless a different amount is ordered by the Court at the confirmation hearing on this Plan), not to exceed the balance owed on the claim on the date of the transfer. If the transfer is to the holder of a junior lien, the transfer is made subject to all senior liens. The holder of any senior lien may exercise its rights in accordance with applicable non-bankruptcy law. If the transfer is to the holder of a senior lien, the transfer is free and clear of the rights of the holder of any junior lien.[13]

---

[13] The property may not be transferred to the holder of an over-secured senior lien if there is a junior lien.

Last Revised August 8, 2023

Case No:
Debtor(s):   Ramos-Rodriguez, Johanna

**Form No. 13-1**
Effective October 1, 2023

(iii)      The senior liens must be satisfied, if at all, out of the property in accordance with applicable non-bankruptcy law. The transfer to the transferee and the relief granted by this Paragraph are in full satisfaction of the Debtor(s)' obligations to any holder of a security interest that is senior in priority to the security interest held by the transferee. No further payments by the Debtor(s) are required.

(iv)      The automatic stay is modified to allow any holder of a security interest or other lien on the property to exercise all of its rights against the property in accordance with applicable non-bankruptcy law.

F.      Notwithstanding the foregoing Paragraph E:

(i)      At its sole election prior to the 30th day following entry of an order confirming this Plan, the transferee may demand in writing, and the Debtor(s) must execute, a special warranty deed transferring the property to the transferee.

(ii)      At its sole election prior to the 30th day following entry of an order confirming this Plan, the transferee may elect in writing to foreclose its security interest in the subject property. Any foreclosure must be completed within 90 days following entry of an order confirming this Plan. This Plan, the order confirming this Plan and a proper election hereunder constitute a judicial authorization to foreclose to the extent required under applicable law. If an election is made under this subsection, the transferee shall be responsible for all loss associated with the property and all charges, liens, fees, etc. against the property from the 30th day following entry of an order confirming this Plan.

(iii)      If a proper demand is made under this Paragraph F, the provisions of Paragraph 12(E)(i) are not applicable.

G.      On and after the date on which the title to the real property (as reflected in the real property records) is not held by the Debtor(s), and except as otherwise agreed in writing between the Debtor(s) and the holder of the entity to which the property has been transferred, the Debtor(s) will immediately vacate the property.

H.      The third-party costs incurred on behalf of the Debtor(s) to obtain a lien search or title report and to file the Notice and certified copies will be borne by the Debtor(s). If such third-party costs are advanced by Debtor(s)' counsel, the Debtor(s) must promptly reimburse such costs.

I.      The Debtor(s) must file a certificate of service at least 7 days prior to Plan confirmation reflecting that a copy of this Plan was mailed by both certified mail, return receipt requested, and by regular U.S. mail to all of the following, with the mailings to have occurred not later than 31 days prior to the hearing on this Plan to:

(i)      Any attorney representing the holder of any security interest against the property who has filed a request for notice in this bankruptcy case.

(ii)      The holder of any security interest against the property, in accordance with FED. R. BANKR. P. 7004 and the address for notice shown on any proof of claim filed by a holder. The identities of the holders must be identified from the deeds of trust filed in the real property records.

**13.      Secured Claims on Which Lien is Avoided Under 11 U.S.C. § 522(f).** To the extent that the property described in this Paragraph is exempted under 11 U.S.C. § 522(b)(1), the following secured claims are avoided pursuant to 11 U.S.C. § 522(f) of the Bankruptcy Code. The only amount securing any such avoided lien is the lesser of (i) the amount shown as Remaining Value in this table; and (ii) the amount of the allowed claim secured by the lien:

      Last Revised August 8, 2023

Case No:
Debtor(s):   Ramos-Rodriguez, Johanna

**Form No. 13-1**
Effective October 1, 2023

| Description of Property | Name and Address of Secured Creditor | Value of Property | Amount of Secured Claims Senior to Secured Claim to be Avoided | Amount Claimed as Exempt | Remaining Value |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**14.** **Specially Classified Unsecured Claims.** The following unsecured claims will be treated as described below:

| Name of Unsecured Creditor | Treatment and Reason for Special Classification |
|---|---|
| Mohela/Dept of Ed | Direct Pay |

**15.** **Unsecured Claims.** Unsecured creditors not entitled to priority and not specially classified in Paragraph 14 shall comprise a single class of creditors. Allowed claims under this Paragraph 15 shall be paid a pro rata share of the amount remaining after payment of all secured, priority, and specially classified unsecured claims.

**16.** **Executory Contracts.** Except as set forth elsewhere in this Plan or in the following sentence, all executory contracts are rejected. The following contracts are assumed with the amount and timing of any cure payments as shown:

| Parties to Executory Contract | Amount of Cure ($0.00 if none) | Cure to be Made Directly by the Debtor(s) in equal Monthly Installments of this Amount, with the First Installment Due on the 30th Day Following Entry of the Confirmation Order |
|---|---|---|
| Aaron's LLC |  | $119.06 |

**17.** **Asset Sales.** The Debtor(s) are authorized—without the need for further Court order (except as provided by FED. R. BANKR. P. 2014 if applicable)—to sell their exempt property in accordance with this Paragraph. Any such sale shall provide for the full payment, at closing, of all liens on the property that is sold. If the Debtor(s) request and the Court so determines, an order confirming this authority may be granted by the Court, *ex parte.* Within 14 days following the closing of any sale of real property pursuant to this Paragraph, the Debtor(s) must provide to the Trustee a copy of the final closing statement. Any non-exempt proceeds received from the sale must be paid to the Trustee. Unless the sale was privately closed, the closing statement must be the statement issued by the title company or closing agent handling the sale. If the property that was sold was exempted as a homestead solely under Texas law, any proceeds of the sale that are not reinvested in a qualifying Texas homestead within 6 months of the closing of the sale must be paid to the Trustee within 14 days after the expiration of the 6-month period.

**18.** **Surrender of Collateral during the Plan Period.**

A.      The Debtor(s) may surrender collateral to a secured creditor after confirmation of the Plan by filing a Surrender Notice in the form set forth on the Court's website. The Surrender Notice will be effective upon the expiration of 21 days from the date that it is filed; provided, if an objection to the Surrender Notice is filed within the 21-day period, the Surrender Notice will become effective only upon entry of a Court order approving the Surrender Notice (the "Effective Date"). If a timely objection is filed, the Trustee will schedule the Surrender Notice for hearing on the next available Chapter 13 panel date. On the Effective Date, the automatic stay under 11 U.S.C. § 362(a) and the co-debtor stay under 11 U.S.C. § 1301(a) are terminated as to actions against surrendered property. The automatic stay is not terminated under this Paragraph as to any other action.

B.      Bankruptcy Local Rule 6007-1 applies to the surrender of property under this Plan.

Last Revised August 8, 2023

Case No:
Debtor(s):   Ramos-Rodriguez, Johanna

**Form No. 13-1**
Effective October 1, 2023

C.      Other than terminating the co-debtor stay, this Plan does not affect any co-debtor's rights in the collateral or the obligation of any secured creditor to act with respect to such a codebtor in compliance with applicable non-bankruptcy law.

D.      If payments on debt secured by the surrendered property were made through the Trustee, a Debtor(s)' Proposed Notice of Plan Payment Adjustment, in the form set forth on the Court's website, must be filed as an exhibit to the Surrender Notice. If the Trustee determines that the Debtor's Proposed Notice of Payment Adjustment is materially inconsistent with the following Paragraph, the Trustee must file a Trustee's Corrected Notice of Plan Payment Adjustment. Any such Corrected Notice must be filed within 30 days after the filing of the Debtor(s)' Proposed Notice of Plan Adjustment. The Trustee's Corrected Notice of Plan Payment Adjustment will be binding unless a party-in-interest files a motion and obtains an order to the contrary.

E.      If the payment on the debt secured by the surrendered property was made through the Trustee, the Plan payment will be adjusted. The adjusted payment will be effective with the next payment due to the Trustee after the Effective Date. The Plan payment adjustment will be a reduction equal to (i) the sum of (a) all remaining principal, interest and escrow payments that are due under this Plan after the Effective Date and payable to the holder of the secured debt; plus (b) any Reserves required by Paragraph 21 for the payment of ad valorem taxes pertaining to the surrendered property; plus (c) the Posted Chapter 13 trustee fee applicable to the sum of such remaining payments of principal, interest, escrow and reserves; divided by (ii) the remaining number of monthly payments due under the Plan after the Effective Date. No further ad valorem tax reserves will be established on surrendered property.

F.      On the Effective Date, no additional direct or Trustee payments will be made on the claim secured by the surrendered property. The rights of a secured creditor to a deficiency claim will be determined (i) in accordance with the creditor's allowed unsecured claim in any timely filed proof of claim; or (ii) by separate Court order.

G.      Within 14 days of the Effective Date, the Debtor(s) must file an amended Schedule I and J.

**19.      Payments Under Plan.** For the purposes of 11 U.S.C. § 1328(a) of the Bankruptcy Code, the Debtor(s) will have completed all payments under this Plan by:

A.      Paying all amounts due under Paragraph 4 of this Plan, as adjusted by this Plan; and

B.      Paying all amounts due to be made by the Debtor(s) directly to a creditor (rather than through the Trustee) under Paragraphs 8(C), 9(C) and 11 of this Plan, as adjusted by this Plan.

**20.      Savings Fund.**

A.      Line 21 of Schedule J (the Debtor(s)' expense budget) includes a provision for a savings fund by the Debtor(s). Deposits into the Savings Fund will be made to the Trustee. Debtor(s) may request withdrawals from the Savings Fund, utilizing the form application from the Court's website. On request by the Debtor(s), the Trustee will directly apply all or part of a withdrawal to payments due to the Chapter 13 Trustee under this Plan. The form application need only be served electronically, and only to persons subscribing to the Court's CM/ECF electronic noticing system. The Debtor(s) may request an emergency disbursement. If an emergency disbursement is requested, the Chapter 13 Trustee may make the disbursement on an emergency basis without the necessity of obtaining a Court order. If the Trustee does not make the emergency disbursement within five days, the Debtor(s) may request an emergency hearing. If no hearing has been set by the Court on the application and no objection has been filed by the 7th day after the withdrawal application has been filed, the withdrawal application will be deemed granted. The balance, if any, in the Savings Fund will be paid to the Debtor(s) following (i) the completion of all payments under this Plan; (ii) the dismissal of this case; or (iii) the conversion of this case to a case under chapter 7, except under those circumstances set forth in 11 U.S.C. § 348(f)(2).

B.      The deposits into the Savings Fund will be:

Last Revised August 8, 2023

Case No:
Debtor(s):   Ramos-Rodriguez, Johanna

**Form No. 13-1**
Effective October 1, 2023

| Month of First Deposit of this Amount | Month of Last Deposit of this Amount | Amount | Total |
|---|---|---|---|
| 1 | 60 | $0.00 | $0.00 |
| | | TOTAL | $0.00 |

C.      Funds paid to the Trustee will not be credited to the Savings Fund unless, at the time of receipt by the Trustee, the Debtor(s) are current on payments provided for in the Plan that are to be distributed to creditors or that are to be reserved under Paragraph 21. After funds have been credited to the Savings Fund, they may only be withdrawn in accordance with this Paragraph.

D.      The Debtor(s) may file a Notice reflecting any change into the Savings Fund deposits. Unless a party-in-interest objects within 7 days of the filing of the Notice, the Trustee must file a Notice of Plan Payment Adjustment to reflect the change.

E.      All Savings Funds held by the Trustee as of the date this Plan was filed will remain in place and be distributed in accordance with this Paragraph 20.

**21.      Reserves for Post-Petition Ad Valorem Taxes, Homeowners Association Fees or Other Periodic Post-Petition Obligations. (Check One or More):**

☑      The Debtor(s) do not invoke this provision.

☐      The Debtor(s) will reserve for post-petition ad valorem taxes. The amount of each monthly reserve is shown on Schedule 21. [14]

☐      The Debtor(s) will reserve for post-petition homeowners' association fees. The amount of each monthly reserve is shown on Schedule 21.

☐      The Debtor(s) will reserve for post-petition federal income tax payments. The amount of each monthly reserve is shown on Schedule 21.

☐      The Debtor(s) will reserve for: _____.[15] The amount of each monthly reserve is shown on Schedule 21.

A.      The Debtor(s)' expense budget shown on Schedule J includes a monthly provision for the payment of the post-petition Reserves identified above. The Debtor(s) must deposit the monthly amount shown on Schedule J for each of the designated Reserve items with the Trustee. Not less than 45 days before the date on which the payment is due to the taxing authority, homeowner's association or other person, the Debtor(s) must send a request to the Trustee, on a form promulgated by the Trustee, requesting a disbursement from the Reserves. Copies of the appropriate invoices or tax statements must be attached to the request. Not later than 45 days after receipt of an appropriate request, the Trustee must pay the lesser of (i) the amount shown on the invoices or tax statements; or (ii) the balance in the applicable Reserve. If the balance in the applicable Reserve is less than the amount due, then the Debtor(s) are responsible for payment of the balance due on the invoice or tax statements. The Chapter 13 Trustee's Fee will apply to any disbursements from the Reserves.

B.      The Debtor(s) must file a Notice reflecting any change of the projected disbursement amount from the applicable Reserve. Unless a party-in-interest objects within 14 days thereafter, the Trustee must file a Notice of Plan Payment Adjustment to reflect the change.

---

[14] A Schedule 21 must be attached unless no Reserves are established.

[15] Reserves may not be established under this Paragraph for the payment of insurance premiums.

Last Revised August 8, 2023

Case No:
Debtor(s):   Ramos-Rodriguez, Johanna

**Form No. 13-1**
Effective October 1, 2023

C.      Funds paid to the Trustee will not be credited to Reserves unless, at the time of receipt by the Trustee, the Debtor(s) are current on payments provided for in the Plan that are to be distributed to the holders of claims. If the monthly amount credited to Reserves is less than the total of all monthly Reserves shown above, the Trustee will apply the credits to the Reserves pro rata. After funds have been credited to an applicable Reserve, they may only be withdrawn in accordance with this Paragraph.

D.      If this Plan provides for payment of a "Total Debt Claim" on real property and no lender-established escrow account is maintained, the Debtor(s) must establish Reserves under this Paragraph for the payment of ad valorem taxes. If the Debtor(s) subsequently surrender the real property, or if the automatic stay is terminated as to the real property, the amount of Reserves for taxes on such property will be paid by the Trustee, without further Court order, to the holder of the claim secured by the most senior security interest against the real property.

E.      All Reserves held by the Trustee as of the date this Plan was filed will be applied in accordance with this Paragraph 21.

F.      Upon completion of all payments under this Plan, the remaining balance on hand in the Reserves will be paid to the Debtor(s).

**22.      Effect of a Motion to Convert to Chapter 7.** If, during the term of this Plan, the Debtor(s) file a motion to convert this case to a case under Chapter 7 of the Bankruptcy Code, the motion may be included with a request to distribute to Debtor(s)' counsel the lesser of (i) the amount agreed between the Debtor(s) and Debtor(s)' counsel; and (ii) $900.00. If a motion to convert to chapter 7 has been filed and not yet granted by the Court, the Trustee must, within 35 days of the date on which the motion was filed, distribute any remaining funds (exclusive of Reserves and Savings Funds) (i) first to pay any unpaid adequate protection payments due to the holders of secured claims; and (ii) thereafter, the amount requested (not to exceed $900.00) to Debtor(s) counsel for post-conversion services. Any amounts so distributed are subject to disgorgement if ordered by the Court. A motion to convert filed pursuant to this Paragraph 22 must be filed with a proposed order, in the form published on the Court's website. The Order, if submitted in accordance with this Paragraph, may be issued *ex parte* and without notice.

**23.      Presence or Absence of a Proof of Claim.**

A.      Secured and priority claims provided for in this Plan will be paid without the necessity of the filing of a proof of claim. If this Plan sets the amount of a monthly payment, monthly payments will be adjusted in accordance with the Administrative Procedures for Claims Secured by Real Estate as applied by this Plan.

B.      Unless otherwise ordered by the Court (and subject to the claims objection process), the amounts shown on a timely filed proof of claim govern as to (i) the amount of that claim, (ii) the amount of any cure amount; and (iii) the amount of any monthly payment, which monthly payment is subject to adjustment in accordance with the Administrative Procedures for Claims Secured by Real Estate as applied by this Plan.

C.      Regardless of the filing of a proof of claim, the valuation in this Plan of the collateral securing a claim controls over any contrary proof of claim.

D.      A determination made under this Plan as to a claim does not constitute an order allowing or disallowing a claim against the estate for purposes of FED. R. BANKR. P. 3008 or otherwise.

E.      Unless the Court orders otherwise, no general unsecured claim will be paid unless a proof of claim has been timely filed.

F.      The payment of Debtor(s)' attorney's fees are not governed by this Paragraph.

Last Revised August 8, 2023

Case No:
Debtor(s):   Ramos-Rodriguez, Johanna

**Form No. 13-1**
Effective October 1, 2023

G.       No creditor, before or after completion of the Plan, shall be allowed to collect any payments, costs, fees, or expenses, from the Debtor(s), the estate, or their property, that are not provided for in this Plan, unless such amounts first became payable after the completion of all payments under the Plan. This paragraph 23(G) does not limit the imposition of post-petition ad valorem taxes, or any payments, costs, fees, or expenses relating to post-petition ad valorem taxes.

**24.       Discharge and Vesting of Property.** The Debtor(s) will be granted a discharge if authorized in accordance with 11 U.S.C. § 1328. Property of the estate shall vest in the Debtor(s) upon entry of the discharge order.

**25.       Effect of Dismissal.** If this case is dismissed:

A.       Except for Paragraph 25(B), this Plan is no longer effective.

B.       Any funds received by the Trustee after entry of the order of dismissal will be paid to the Debtor(s).

**26.       Plan Not Altered from Official Form.** By filing this Plan, Debtor(s) and their counsel represent that the Plan is in the official form authorized by the Court. There are no addenda or other changes made to the official form, except those contained in Paragraph 27.

**27.       Non-standard Provisions.**

_____

_____

_____

_____

*Except for provisions contained in Paragraph 27, any provision not contained in the approved Southern District of Texas Chapter 13 Plan is void. Any provision contained in this Paragraph 27 is void unless Paragraph 1 of this Plan indicates that a non-standard provision has been included in this Plan.*

Submitted by

X        **/s/ Johanna Ramos-Rodriguez**
**Johanna Ramos-Rodriguez**
**Debtor Signature**

X        **/s/ Benjamin Lusky**
**Benjamin Lusky**
**Signature of Attorney for Debtor(s)**
**Bar Number: 24057971**
**Gordon Lusky LLP**
**3215 Mercer St Ste D**
**Houston, TX 77027-6089**
**Phone: (713) 589-4822**
**Email: ben@gordonlusky.com**

Case No:
Debtor(s):   Ramos-Rodriguez, Johanna

**Form No. 13-1**
Effective October 1, 2023

**Debtor(s)' Declaration Pursuant to 28 U.S.C. § 1746**

I declare under penalty of perjury that the foregoing statements of value contained in this document are true and correct.

Dated:   **10/01/2024**                    X      **/s/ Johanna Ramos-Rodriguez**

**Johanna Ramos-Rodriguez**
**Signature of Debtor**

Last Revised August 8, 2023

**Form No. 13-2**
Effective October 1, 2023

**Exhibit A**
**Plan Summary for Proposed Plan**

### Disposable Income and Plan Payments

| (A) Projected Schedule "I" Income (From most recently filed Schedule I) | (B) Projected Schedule "J" Expenses (From most recently filed Schedule J) | (C) Projected Disposable Income (Column A minus Column B) | (D) Payment Amount to Trustee | (E) Beginning Month #[1] | (F) Ending Month # | (G) Payments for the Benefit of Creditors and for Reserves[2] | | (H) Savings Fund[3] Deposits Established Under Plan (Column D minus Column G) | | (I) Total Monthly Trustee Payments (Column D multiplied by number of months paid) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Per Month | Total | Per Month | Total | |
| $5,468.84 | $3,909.25 | $1,559.59 | $610.00 | 1 | 60 | $610.00 | $36,600.00 | $0.00 | $0.00 | $36,600.00 |
| | | | | | Grand Total | | $36,600.00 | | $0.00 | $36,600.00 |
| | | | | Less Posted Chapter 13 Trustee Fee [4] | | | $2,836.50 | | | |
| | | | | Net Available to Creditors | | | $33,763.50 | | | |

### Projected Trustee Disbursements to Secured Creditors

| Name of Holder | Description of Collateral | Claim | Plan Int. Rate | Monthly Payment Amount | Starting Month # | Ending Month # | Total |
|---|---|---|---|---|---|---|---|
| Holder's Name:<br>**Spring Creek Forest Civic Assn**<br><br>Treated under Plan Section:<br>**Sec 8A. - Claims in Default on Principal Residence, Secured by Security Agreement.** | LT 27 BLK 23 017*S6353500-003-023-027 SPRING CREEK FOREST SEC 3 17402 Spicewood Springs Ln Spring, TX 77379 | $2,560.00 | | | | | |

---

[1] This is the month in which the first payment is due for this amount. The Debtor(s) must commence payments not later than 30 days after the petition date.

[2] Reserves are established under Paragraph 21 of the Plan.

[3] Savings funds are funds established under Paragraph 20 of the Plan.

[4] The Posted Chapter 13 Trustee Fee is based on the percentage listed on the Court's website.

[5] Amounts for Cure Claims, Monthly Payments, Total Debt Claims and Monthly Refinance Payments should be listed only if the box for "Retained (paid through Trustee)" is checked.

Last Revised August 8, 2023

**Form No. 13-2**
Effective October 1, 2023

| Name of Holder | Description of Collateral | Claim | Plan Int. Rate | Monthly Payment Amount | Starting Month # | Ending Month # | Total |
|---|---|---|---|---|---|---|---|
| Check one: ☐ Surrendered ☐ Transferred ☑ Retained (paid direct) ☐ Retained (paid through Trustee)[5] | | | | | | | |
| Cure Claim-3 | ▇ | $12,344.53 | 5.50% | Pro-Rata | 11 | 41 | $13,907.29 |
| Post-petition Claim | | | ▇ | | | | |
| Rule 3002.1(c) Claim | | | | | | | |
| Monthly Payment | | | | | | | |
| Total Debt Claim | | | | | | | |
| Monthly Refinance Payment (¶ 8D) | | | | | | | |
| Holder's Name:<br>**Klein ISD**<br><br>Treated under Plan Section:<br>**Sec 8C. - Claims with No Default to be Paid Directly by Debtor.** | LT 27 BLK 23<br>017*S6353500-003-023-027<br>SPRING CREEK FOREST SEC 3<br>17402 Spicewood Springs Ln Spring, TX 77379 | $3,520.68 | ▇ | | | | |
| Check one: ☐ Surrendered ☐ Transferred ☑ Retained (paid direct) ☐ Retained (paid through Trustee)[5] | | | | | | | |
| Holder's Name:<br>**PHH Mortgage Corporation**<br><br>Treated under Plan Section:<br>**Sec 8C. - Claims with No Default to be Paid Directly by Debtor.** | LT 27 BLK 23<br>017*S6353500-003-023-027<br>SPRING CREEK FOREST SEC 3<br>17402 Spicewood Springs Ln Spring, TX 77379 | $159,872.89 | ▇ | | | | |
| Check one: ☐ Surrendered ☐ Transferred ☑ Retained (paid direct) ☐ Retained (paid through Trustee)[5] | | | | | | | |
| | | | | **Total of Payments to Secured Creditors** | | | $13,907.29 |

### Projected Trustee Disbursements to Priority Creditors

| Name of Holder | Nature of Priority (Taxes, Attorneys Fees, DSO, etc.) | Claim | Int. Rate | Monthly Payment Amount | Beg. Month # | End Month # | Total |
|---|---|---|---|---|---|---|---|
| Holder's Name:<br>**Internal Revenue Service**<br><br>Treated under Plan Section:<br>**Sec 6. - Priority Claims (Other than Domestic Support Obligations)** | Taxes or Penalties Owed to Governmental Units | $2,900.00 | 0.00% | Pro-Rata | 11 | 41 | $2,900.00 |

Last Revised August 8, 2023

**Form No. 13-2**

Effective October 1, 2023

| Name of Holder | Nature of Priority (Taxes, Attorneys Fees, DSO, etc.) | Claim | Int. Rate | Monthly Payment Amount | Beg. Month # | End Month # | Total |
|---|---|---|---|---|---|---|---|
| Holder's Name: **Gordon Lusky LLP** Treated under Plan Section: **Sec 6. - Priority Claims (Other than Domestic Support Obligations)** | Attorney Fees | $4,500.00 | 0.00% | Pro-Rata | 1 | 11 | $4,500.00 |
| Holder's Name: **Gordon Lusky LLP - Post Petition Fee** Treated under Plan Section: **Sec 6. - Priority Claims (Other than Domestic Support Obligations)** | Attorney Fees | $1,500.00 | 0.00% | Pro-Rata | 1 | 11 | $1,500.00 |
| | | | | **Total of Payments to Priority Creditors** | | | **$8,900.00** |

## Projected Trustee Reserve Funds

| Reserve Fund Type (Ad Valorem Taxes, HOA) | Total |
|---|---|
| | |
| **Total of Reserve Funds** | **$0.00** |

Last Revised August 8, 2023

**Form No. 13-2**
Effective October 1, 2023

### SUMMARY

| | | |
|---|---|---|
| 1 | Total Payments to Trustee | $36,600.00 |
| 2 | Less Total Savings Fund Deposits | $0.00 |
| 3 | Net Trustee Payments (Line 1 minus line 2) | $36,600.00 |
| 4 | Less Posted Chapter 13 Trustee Fee | $2,836.50 |
| 5 | Less Total Payments by Trustee to Secured Creditors | $13,907.29 |
| 6 | Less Total Payments by Trustee to Priority Creditors (§§507(a)(1) – (a)(10)) | $8,900.00 |
| 7 | Less Total Reserve Funds | $0.00 |
| 8 | Net Available for General Unsecured Creditors (Line 3 minus lines 4-7) | $10,956.21 |

### Unsecured Creditor Distribution Estimate

| | | |
|---|---|---|
| 9 | Estimated Total General Unsecured Claims | $10,346.86 |
| 10 | Forecast % Dividend on General Unsecured Claims (Line 8 divided by line 9) | 100.00% |

### Best Interest of Creditors Test

| | | |
|---|---|---|
| 11 | Total Non-Exempt Property | $104.00 |
| 12 | Total Distributions to Administrative, Priority and General Unsecured Creditors (Line 4 plus lines 6 plus line 8 plus any direct payments by Debtor(s) under the Plan in satisfaction of prepetition priority claims) | $22,692.71 |